UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 14-03315-AB (PLAx) | Date: | April 19, 2017 |
|---|---|---|---|

Title: *Daniel Lopez v. Garcia Apartments, LLC et al.*

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Ingrid Valdes | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

None Appearing      None Appearing

**Proceedings:**      **[In Chambers] Order Re Attorneys' Fees on Remand**

On March 6, 2015, the Court granted in part Plaintiff's motion for attorneys' fees and costs, awarding $4,116.50 in fees, and $420 in costs. (Dkt. No. 50.) In the order, the Court reduced the lodestar figure by 80%, from $20,582.50 to $4,116.50, discussing the time and labor required, the amount involved in the litigation, the results obtained, and Defendants' ability to pay. (*See id.* at 6-7.) Plaintiff appealed this order (Dkt. No. 51), and the Ninth Circuit issued a memorandum vacating and remanding the decision on February 10, 2017. (Dkt. No. 55.) The Ninth Circuit stated "it would be improper to consider Garcia Apartments' financial condition when determining the fee award," and vacated and remanded the order because it could not "determine if [Defendants' ability to pay] even affected the amount of fees awarded" since "the district court did not isolate the amounts based on the reasons given." (*Id.* at 2.) The Ninth Circuit's judgment took effect on March 6, 2017. (Dkt. No. 56.)

In light of the Ninth Circuit's memorandum, the Court clarifies its prior order and adjusts the fee award accordingly. As explained in the prior order,

> The Court finds that the time and labor required and the amount involved and the results obtained in this case warrant a substantial reduction in the lodestar figure. While Lopez received much of what he prayed for in his complaint, *i.e.*, Defendants' compliance with ADA regulations and the mandatory statutory damages, the timing and effort required to obtain those results do not justify a fee award of the lodestar figure. There is undisputed evidence that Defendants' were fully compliant with ADA regulations within 30 days of being served with Lopez's complaint, which rendered the ADA claim moot and at which time Lopez was eligible for his statutory damages award under the Unruh Act. At that point in the litigation, Lopez's counsel had incurred less than 25% of his total attorney's fees, but he never made a revised and more reasonable settlement offer, and he did nothing to expedite a resolution of the case by, for example, filing an early motion for summary judgment.

(Dkt. No. 50 at 6.)

Because Plaintiff had obtained much, if not all, of the relief sought before Plaintiff's counsel had incurred 25% of their total fees, the Court found it appropriate to reduce the lodestar figure by 75% based on the factors of time and labor required, the amount involved in the litigation, and the results obtained in the case. The Court then discussed Defendants' ability to pay and ultimately concluded "[t]he foregoing circumstances justify an 80% reduction of the lodestar figure, which decreases the attorney's fee award from $20,582.50 to $4,116.50." (*Id.* at 7.)

In accordance with the Ninth Circuit's guidance, the Court clarifies that it reduced the lodestar figure by 75% for time and labor, amount involved, and results obtained in the litigation. Excluding the 5% reduction based on Defendants' ability to pay, Plaintiff was entitled to recover a total of $5,145.63 in attorneys' fees. The Court therefore awards an additional $1,029.13 to Plaintiff to account for this difference.

**IT IS SO ORDERED.**

cc: Fiscal